IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL FRAZIER, et al., | : | |
| Plaintiff, | : | Case No. 2: 05-cv-300 |
| v. | : | Judge Holschuh |
| NATIONAL CITY BANK, NA., et al., | : | Magistrate Judge Kemp |
| Defendants. | : | |
| | : | |

Memorandum Opinion and Order

Plaintiffs bring this action against Defendants asserting both federal and state law claims related to two alleged mortgages on Plaintiffs' property. This matter is currently before the Court on Defendants' motion to dismiss.[1] (Doc. # 4).

**I. Background**

Plaintiffs allege that, on March 18, 1999, Defendant National City Bank, N.A. ("NCB") made two mortgage loans to Plaintiffs in the amount of $98,211.00. (Complaint at ¶ 26). Plaintiffs gave NCB two promissory notes that were secured by mortgages on the property held by Plaintiffs in Knox County, Ohio. (Id.). NCB alleged that Plaintiffs defaulted on these loans and, on July 19, 2002, filed a foreclosure action in state court. (Id. at ¶ 84; National City Bank C/O Altegra Credit Company v. Michael A. Frazier, et al., Case No. 02FR070249 (Knox Cty. C.P. 2002)). The state court granted summary judgment to NCB on the foreclosure action. Plaintiffs appealed and the decision was affirmed. (National City v. Frazier, Case No. 2003-CA-

---

[1]Defendants also filed two other motions to dismiss. (Doc. ## 5, 6). These motions, however, contain arguments that are duplicative of the arguments raised in Defendants' first motion to dismiss.

30, 2004 WL 2348503 (Knox Cty. Ct. App. October 19, 2004), discretionary review declined, 105 Ohio St.3d 1463 (March 16, 2005)).[2]

Plaintiffs now bring this action alleging violations of regulations governing insured depository institutions, the Consumer Credit Protection Act, the Fair Debt Collections Practices Act, and the Fair Credit Reporting Act. In addition, Plaintiffs have asserted state law claims of breach of contract, fraud, promissory estoppel, breach of covenant of good faith and fair dealing, breach of fiduciary duty, deceptive trade practices, negligent misrepresentation, assumpsit for money had and received, conversion, usury, rescission, unjust enrichment, and civil conspiracy. With respect to these claims, Plaintiffs seek in excess of $75,000 in damages and a declaration that the underlying promissory notes are void *ab initio*.

**II. Discussion**

    **A. Standard of Review**

        **1. Rule 12(b)(1)**

Defendants have moved to dismiss Plaintiffs' complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Because a federal court cannot act in the absence of subject matter jurisdiction, see Douglas v. E.G. Baldwin & Associates, 150 F.3d 604, 606-07 (6th Cir. 1998), this Court will first address the Rule 12(b)(1) portion of Defendants' motion to dismiss. Rule 12(b)(1) allows a litigant to challenge a court's exercise of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Such challenges can come in two forms: facial challenges and factual challenges. In a facial challenge, a defendant contends that, even

---

[2]Defendants explain that Defendant Ocwen purchased one of the loans following disposition of the foreclosure action. (Defendants' Motion to Dismiss, (Doc. # 4), at p. 2, n.1).

accepting the material allegations of the complaint as true and construing them in a light most favorable to the nonmoving party, the court still lacks subject matter jurisdiction over the claim. Singleton v. United States, 277 F.3d 864, 870 n.4 (6th Cir. 2002)(citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)). In contrast, a factual attack is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994). In either case, the burden is on the plaintiff to demonstrate that subject matter jurisdiction exists. See Moir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990).

In this case, it appears that Defendants have made a facial attack on the existence of subject matter jurisdiction. Defendants contend that, even assuming Plaintiffs' allegations are true, the Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine. In particular, Defendants contend that Plaintiffs are "attempting to have this Court adjudicate claims that are inextricably intertwined with issues decided in state court proceedings." (Defendants' Motion to Dismiss Complaint, (Doc. # 4), at p. 4 (internal quotations omitted)).

### 2. Rule 12(b)(6)

In the alternative, Defendants have also moved to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. See Scheuer v. Rhodes, 4l6 U.S. 232, 236 (1974); Arrow v. Federal Reserve Bank of St. Louis, 358 F.3d 392, 393 (6th Cir. 2004); Mayer, 988 F.2d at 638. Although the Court must liberally construe the complaint in favor of the party opposing the motion to dismiss, it will not accept conclusions of

3

law or unwarranted inferences cast in the form of factual allegations. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000); Lewis v. ACB Business Serv., Inc., 135 F.3d 389, 405-06 (6th Cir. 1998). The Court will grant a motion for dismissal under Rule 12(b)(6) if there is an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. Little v. UNUM Provident Corp., 196 F. Supp.2d 659, 662 (S.D. Ohio 2002) (citing Rauch v. Day & Night Mfg. Corp., 576 F.2d 697 (6th Cir.1978)).

**B. Application**

Initially, Plaintiffs contend that Defendants' motion to dismiss is without merit because the attorney filing the initial motion (Doc. # 4), attorney Petas, did not sign the motion. Plaintiffs also argue that attorney Petas should not be permitted to represent all three Defendants. These arguments are without merit. First, attorney Petas did electronically sign the motion to dismiss. (Doc. # 4). This Court's local rules permit electronic signatures. See S.D. Ohio Civ. R. 83.5(c). Moreover, because Defendants have not objected to the multiple representation by attorney Petas, or even suggested that a conflict of interest exists, this Court cannot conclude that the filing of the motion to dismiss by attorney Petas, on behalf of all Defendants, was improper.

Defendants argue that the Rooker-Feldman doctrine bars Plaintiffs' claims in this case. The Rooker-Feldman doctrine, which derives from two United States Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), provides that a party aggrieved by a state-court decision cannot appeal that decision to a district court, but must instead petition for a writ of certiorari from the United States Supreme Court. As recently stated by the Supreme Court: "[t]he Rooker-Feldman

doctrine [bars] ... cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., -- U.S. --, 125 S. Ct. 1517, 1522 (March 30, 2005). In practice, this means that when granting relief on a federal claim would imply that a state-court judgment was incorrect, a federal district court does not have jurisdiction. Pieper v. American Arbitration Assoc., Inc., 336 F.3d 458, 460 (6th Cir. 2003).

The United States Court of Appeals for the Sixth Circuit has recognized that there are two categories of cases barred by the Rooker-Feldman doctrine. DLX, Inc. v. Commonwealth of Kentucky, 381 F.3d 511, 516 (6th Cir. 2004). The first category involves requests for "appellate review of state court proceedings." Id. (citing Peterson Novelties, Inc. v. City of Berkley, 305 F.3d 386, 390 (6th Cir. 2002)). To determine whether appellate review of a state court decision has been sought, a court should look to the specific relief sought by the plaintiff. Id. (citations omitted). Moreover, if a plaintiff is merely seeking redress for injuries allegedly caused by the state court judgment, Rooker-Feldman will bar review. Id. (citations omitted). See also Hutcherson v. Lauderdale County, Tennessee, 326 F.3d 747, 755 (6th Cir. 2003).

The second category involves cases where the alleged injury predates a state-court determination, but presents issues that are "inextricably intertwined" with the claim asserted in the prior state court proceeding. DLX, Inc., 381 F.3d at 516-17. A federal claim is "inextricably intertwined" with a state-court judgment if "relief can only be predicated upon a conviction that the state court was wrong ...." Peterson Novelties, Inc., 305 F.3d at 391(quoting Pennzoil Co. v. Texaco Inc., 481 U.S. 1, 25 (1987)(Marshall, J., concurring)). In such a case, "it is difficult to

5

conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." Id.

In this case, the remedy requested by Plaintiffs suggests that what Plaintiffs are really seeking is review of the state court decision. In particular, Plaintiffs request a declaration that the underlying notes be deemed void *ab initio*. Plaintiffs main argument appears to be that, because Defendants did not produce the original note(s) in the state court action, the existence of those notes cannot be confirmed and, therefore, foreclosure was inappropriate: "Defendants never presented the original promissory note(s) to Plaintiffs and did secure a judgment on them in state court." (Compl. at ¶ 1). However, the state court granted NCB summary judgment allowing foreclosure.[3] Such a decision necessarily depends on the validity of the underlying notes.

Moreover, Plaintiffs' memorandum in opposition to Defendants' motion to dismiss strengthens this Court's conclusion that Plaintiffs are seeking review of the state court decision. For instance, Plaintiffs argue that

> [t]hroughout the state proceedings, Fraziers demanded proof of the unavailable note and additionally, proof of possession, holder in due course requisite, of the claimed two (2) promissory notes. NATIONAL CITY'S motion for summary judgment ... only included a duplicate of a note.... 'National cannot produce the original notes to provide evidence that it is the holder or the holder in due course of either one of these notes.' In spite of this critical

---

[3]This Court can take judicial notice of the state court action without converting Defendants' motion to one for summary judgment. See Plassman v. City of Wauseon, Case No. 95-3736, 1996 WL 254662, *3 (6th Cir. May 14, 1996)(citing Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir.), cert. denied, 449 U.S. 996 (1980)). See also Dalton v. Jefferson Smurfit Corp., 979 F. Supp. 1187, 1193 (S.D. Ohio 1997) ("the Court's consideration of matters outside the pleadings does not convert the Rule 12(b)(1) motion into one for summary judgment").

lack of evidence, state court ruled for summary judgment.
(Plaintiffs' Memorandum in Opposition, at p. 4). Plaintiffs conclude that NCB failed to make a *prima facie* case by proving "that there was in fact a contract...." (Id. at p. 5 (apparently referring to the underlying notes at issue in the state court action)). Therefore, it appears that Plaintiffs' claims in this case are direct challenges to the state court decision; Plaintiffs in this case are the losers of a state court action and are seeking relief that would, in effect, overturn the state court decision. This is precisely the situation addressed by the Rooker-Feldman doctrine. See Exxon Mobil Corp., 125 S. Ct. at 1522.

At the very least, Plaintiffs' claims are "inextricably intertwined" with the state court decision. Each of Plaintiffs claims implicates the validity of the underlying promissory notes. As was discussed *supra*, those notes are the basis for the state court's foreclosure decision. If Plaintiffs were to succeed on their claims in this case, it would invalidate the underlying notes and call into question the state court's decision. Thus, in this case, "relief can only be predicated upon a conviction that the state court was wrong ...." Peterson Novelties, Inc., 305 F.3d at 391(quoting Pennzoil Co., 481 U.S. at 25 (Marshall, J., concurring)).

In an attempt to defeat an application of the Rooker-Feldman doctrine, Plaintiffs argue that the state court proceedings are void *ab initio* because the state court lacked jurisdiction to order foreclosure. However, the basis of this argument appears to be Plaintiffs' contention that the state court lacked jurisdiction because NCB failed to produce the original note(s). (See Plaintiffs' Memorandum in Opposition, at pp. 7, 9). However, this lack of proof does not go to jurisdiction, but instead was a defense available to Plaintiffs in the state court action. To raise such an argument at this point would be tantamount to a challenge to the state court judgment

7

itself.

Additionally, Plaintiffs contend that they did not "obtain a fair opportunity to be heard on the issues in the prior case." (Plaintiffs' Memorandum in Opposition at p. 15). This too, however, is a direct challenge to the state court judgment that should have been addressed in Plaintiffs' appeal. This Court therefore concludes that the Rooker-Feldman doctrine applies in this case.[4] Thus, this Court lacks subject matter jurisdiction over the claims asserted by Plaintiffs.[5]

**WHEREUPON**, Defendants' motion to dismiss (Doc. # 4) is **GRANTED**. Plaintiffs' claims are hereby **DISMISSED**.

**IT IS SO ORDERED.**

October 19, 2005 /s/ John D. Holschuh
John D. Holschuh, Judge
United States District Court

---

[4] While Defendant Altegra and Defendant Ocwen's involvement with the underlying notes and mortgages is unclear, what is clear is that Plaintiffs' claims against all of the Defendants implicate the validity of those underlying notes and/or mortgages. As was discussed *supra*, such claims appear to be direct challenges to the state court decision and are, at the very least, inextricably intertwined with that decision. Therefore, even though Defendants Altegra and Ocwen may not have been involved in the state court action, the Rooker-Feldman doctrine nevertheless applies due to the nature of Plaintiffs' claims. See Jamison v Hart Realty, Case No. 2:04-cv-535, 2005 WL 2290309, *3 (S.D. Ohio Sept. 20, 2005).

[5] This Court therefore will not consider Defendants' alternative motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.